*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2019**

Northern States Power Company,
Respondent,

vs.

Jarvis Jones, et al.,
Appellants,

Associated Bank, N. A., et al.,
Defendants.

**Filed August 8, 2016
Reversed and remanded
Ross, Judge**

Carver County District Court
File No. 10-CV-15-226

Tara Reese Duginske, Briggs and Morgan, P.A., Minneapolis, Minnesota (for respondent)

Mark Thieroff, Siegel Brill, P.A., Minneapolis, Minnesota (for appellants)

Considered and decided by Ross, Presiding Judge; Stauber, Judge; and Smith, John, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**ROSS**, Judge

Northern States Power Company sued Jarvis Jones and Laura Kaplan after they refused to allow the company to enter their property and remove an oak tree that allegedly interfered with a transmission line that was the subject of two utility easements. The district court granted the company's motion for judgment on the pleadings and enjoined the landowners from interfering with the tree's removal. On appeal, the landowners argue that a material fact issue exists regarding the company's motive for removing the tree. Because we agree that the pleadings demonstrate a fact issue as to whether the company's decision was based on its belief that the tree interfered with the transmission line, we reverse and remand.

**FACTS**

Jarvis Jones and Laura Kaplan own a Chanhassen parcel that is subject to a pair of utility easements. The previous owners agreed to the easements, which grant Northern States Power Company (NSP) the right to maintain a transmission line across a 75-foot-wide right-of-way on the property. This case concerns the application of language in both easements, authorizing NSP to "remove from the land . . . any structure, tree, or object, which in the opinion of [NSP] will interfere with [the] transmission line, including the branches of trees overhanging [the land]."

In October 2014, an NSP representative informed Jones and Kaplan that NSP intended to enter the property to prune an oak tree near the transmission line. The landowners objected to the proposed trimming, asked NSP to verify the bounds of the

easements, and requested a survey of the easement area. After the follow-up survey, without explaining why, NSP changed the plan and told the landowners that the tree must be removed entirely. Jones and Kaplan contested NSP's right to remove the tree. NSP filed suit seeking a declaration of its right to remove the tree and an injunction prohibiting the landowners from interfering. According to NSP's civil complaint, the tree needs to be removed for the following reason:

> Based on the site visit and survey data, . . . 28 feet of clearance between the Oak Tree and the transmission line is necessary. . . . [T]he amount of pruning that would be needed to create this clearance would so damage the Oak Tree that it would not survive and would create a hazardous and unstable structure on the Property.

The landowners denied the allegation in their answer.

NSP moved the district court for judgment on the pleadings. The landowners opposed with four arguments: (1) a fact dispute exists as to NSP's real motive for seeking to remove the tree; (2) NSP's decision to remove the tree is unreasonable; (3) NSP breached an implied covenant of good faith and fair dealing; and (4) NSP's right to remove the tree was terminated by adverse possession. The district court granted NSP judgment on the pleadings without addressing the landowners' first argument but stayed the effect of the judgment pending an appeal. This appeal follows.

## D E C I S I O N

Jones and Kaplan argue that the district court erred by granting judgment on the pleadings. We review de novo the grant of a motion for judgment on the pleadings. *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 623 (Minn. 2007). We take the allegations in the

3

challenged pleading as true, and we make any assumptions and draw all inferences reasonably in favor of the nonmoving party. *Id.* The district court may grant judgment on the pleadings only if it is clear that no facts could be introduced that would oppose the judgment. *Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn. 2010).

On appeal, the landowners raise only their argument that a material fact dispute exists over whether NSP's real motive in seeking to remove the tree was its opinion that the tree would interfere with the transmission line or, instead, "some other reason." The landowners presented the argument to the district court, but for reasons that are not clear from the record, the district court did not address the argument. The district court appears to have adopted NSP's mischaracterization of the argument as an appendage of the landowners' reasonableness argument, concluding that the court is not at liberty to read a reasonableness requirement into the unambiguous easement. *See Bergh & Mission Farms v. Great Lakes Transmission Co.*, 565 N.W.2d 23, 27 (Minn. 1997).

We see the two issues (reasonableness and motive) as distinct. The landowners' reasonableness argument (which was addressed and rejected expressly by the district court and not raised on appeal) maintained that NSP could not remove the tree because its removal decision was not reasonable. By contrast, the landowners' motive argument (which was not addressed by the district court and is raised on appeal) maintains that NSP did not really want to remove the tree because NSP came to the opinion that the tree will interfere with the transmission line, but because of some other reason. Whether NSP's stated reason is a *sensible* reason (reasonableness) differs fundamentally from whether its stated reason is its *actual* reason (motive). NSP alleged that it had a transmission-line-

4

interference motive for removing the tree, and the landowners denied this allegation. During the motion hearing the landowners suggested, for example, that NSP might have been motivated instead by annoyance over the landowners' resistance to NSP's effort to trim the tree. Perhaps discovery will support the landowners' theory; perhaps it won't. Either way, because the easement expressly allows NSP to enter and remove a tree only based on its opinion that the tree "will interfere with [the] transmission line" and the landowners have denied that NSP actually based its removal effort on that opinion, the district court should not have overlooked the landowners' argument or granted judgment on the pleadings in the face of it.

NSP is not entitled to judgment on the pleadings. Based on the easement language, the allegations, and the denials, the parties are entitled to present any competing evidence bearing on whether NSP actually developed and relied on its alleged opinion that the tree will interfere with the transmission line if not removed.

**Reversed and remanded.**